WARREN BROOKINGS *vs.* GEORGE WOODIN.

Sagadahoc.    Opinion December 20, 1882.

*Tax-deed.    Trespass.    Possession.*

Where a tax deed states that the whole lot upon which the tax was assessed was sold, and does not state that it was necessary to sell the whole to pay the taxes, the deed is void.

Possession of real estate shows a *prima facie* title. It is valid as to everybody but the legal owner.

A person entering real estate under the license or permission of a party in possession, is not a disseizor and cannot be treated as such.

ON EXCEPTIONS and motion to set aside the verdict.

Trespass. The writ was dated June 11, 1879. The verdict of the jury was for the plaintiff for four hundred four dollars and seventeen cents.

The opinion states the facts.

*W. Gilbert*, for the plaintiff.

*Henry Tallman*, for the defendant.

The plaintiff has been disseized, and a disseizee cannot maintain trespass for a wrong done after the disseizin and before re-entry. *Murray* v. *Fitchburg R. R. Co.* 130 Mass. 99.

In the case of *Kennebeck Purchase* v. *Call*, 1 Mass. 487, it is said that even nominal damages cannot be recovered against a person whose possession is open, notorious and exclusive, in an action of trespass. See *Brown* v. *Ware*, 25 Maine, 411.

In this case, the possession of this defendant was open, notorious and exclusive; and more than that the only claim of the plaintiff to the property is by possession, and when he lost that, there was and is no foundation to rest an action on.

APPLETON, C. J. This is an action of trespass, for breaking and entering the plaintiff's close, and tearing down his dwelling house. The destruction of the house by the defendant is admitted.

The case comes before us on exceptions and a motion for a new trial.

The plaintiff produces no title deed, but proves a continued possession of the premises for about seventeen years. Possession shows a *prima facie* title. It is enough against one having none. It is good as to every body but the legal owner.

The defendant claims under a deed from one having tax titles to the premises, by whom the possession of the same was delivered to him, by virtue of an agreement with the plaintiff, and with his consent.

In both the deeds, under which the defendant claims title, it appears that the whole lot was sold, and it nowhere appears that it was necessary to sell the whole, to pay the tax for which the land was sold. The highest bidder, means one who will pay the tax for the least quantity of land. The necessity of the sale of

the whole is nowhere shown. The deeds are both void on their face, the sale being illegal. *Lovejoy* v. *Lunt*, 48 Maine, 377 ; *Allen* v. *Morse*, 72 Maine, 502. The jury were so instructed, and properly.

The defendant requested the court to instruct the jury, that "as the plaintiff claimed no title, but only possession by his tenants, if Mr. Wiggin, having a tax title, whether legal or otherwise, entered into possession of the premises, and being so in possession, conveyed the premises for a valuable consideration to the defendant by a quitclaim deed and gave him possession of the premises, directing the tenants to pay rent to him (the defendant,) that the plaintiff cannot recover in this action."

This request was refused, and rightly. If the tax title was void, it gave no right to enter. It gave neither seizin nor title to the premises. *Wallingford* v. *Fiske*, 24 Maine, 387. The holder of the tax title, by entering on the premises, was a trespasser, and so was the defendant, who entered with and under him. They were both trespassers and nothing else.

It was claimed in defence, that an agreement, which is lost, was made between Wiggin, the owner of the tax title, and the plaintiff, by which, if the taxes were not paid within a specified time, subsequently extended, that he (Wiggin,) might enter and take possession and control of the premises. The contents of this agreement were in dispute. The presiding justice left it to the jury to determine what its terms were, and gave instructions accordingly. This was all he could do, and of this no complaint can be made.

The instruction given in substance was, that the vital questions were what were the terms of the paper which Brookings gave to Wiggin, and was Woodin in actual possession of the premises at the date of the alleged trespass, in accordance with the terms of the paper which Brookings gave Wiggin, and if he was, the action was not maintainable.

The defendant cannot complain of the instructions given in relation to the lost agreement, however it might be with the plaintiff. The defendant was to be discharged if he was there

under a license given Wiggin, and this though the tax title was utterly void and no better than waste paper.

No question as to disseizin arises. The defence is that the entry was by the license or permission of the plaintiff. But a person entering under the license or permission of a party in possession is not a disseizor, and cannot be treated as such. The defendant's story, if true, established a defence, but the jury negatived its correctness.

The value of the building was properly submitted to the jury, and though their verdict may be more than we might have allowed, the parties must abide by the judgment of the tribunal appointed to determine its value. The evidence was very contradictory, and no sufficient reason is shown for disturbing the verdict.

*Motion and exceptions overruled.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.